**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4737
_____

DARWIN ARTHUR GRIFFITH, AKA Steve Griffins,
Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A041 928 437
Immigration Judge:   Walter A. Durling
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 5, 2010
Before:   SLOVITER, CHAGARES and WEIS, <u>Circuit</u> <u>Judges</u>

(filed: October 7, 2010)
_____

OPINION
_____

PER CURIAM.

         Darwin Arthur Griffith petitions for review of an order of the Board of

Immigration Appeals ("BIA), which dismissed his appeal from an Immigration Judge's

("IJ") final removal order.   We will deny the petition for review.

1

## I.

Griffith is a native and citizen of Guyana. He came to the United States in 1988 as a legal permanent resident. Griffith was convicted in 1993 of attempted criminal sale of a controlled substance (cocaine) in the third degree in violation of New York Penal Law §§ 110 (attempt) and 220.39 (criminal sale of a controlled substance in the third degree), a Class B felony. Griffith received a sentence of 90 days in prison and five years probation. A.R. 128. Griffith was also convicted of a Class B misdemeanor for attempted criminal possession of marijuana in the fourth degree, in violation of New York Penal Law §§ 110 and 221.15 in 2001. A.R. 129. Griffith was charged with being removable for having committed an aggravated felony and for having been convicted of a controlled substance violation.

The IJ found that Griffith's 1993 conviction was an aggravated felony as a drug trafficking offense under sections § 101(a)(43)(B) and (U) of the Immigration and Nationality Act ("INA") [8 U.S.C. §§ 1101(a)(43)(B) and (U)].[1] Griffith asked for termination of removal proceedings, because he was attempting to attack his conviction in post-conviction proceedings, and because he believed his 1993 conviction was not an aggravated felony based on the minimum sentence and minimal amount of cocaine

---

[1] Subsection "B" defines as an aggravated felony "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)"; subsection "U" defines as an aggravated felony "an attempt or conspiracy to commit an offense described in this paragraph," which includes crimes under subsection "B."

2

involved. The IJ denied the request. The IJ also found that Griffith could potentially get a waiver of inadmissibility for his 1993 conviction pursuant to former INA § 212(c) [8 U.S.C. § 1182(c)], but as to his 2001 conviction, he would be ineligible for cancellation of removal under INA § 240A(a) [8 U.S.C. § 1229b(a)], because this Court does not allow concurrent relief under § 212(c) and § 240A(a).

Griffith appealed and alternatively sought a remand, and the BIA denied the motion and dismissed the appeal. The BIA found that Griffith's 1993 conviction qualified as an aggravated felony under the hypothetical federal felony route, and found that Griffith's 2001 conviction for marijuana possession did not fall into an exception for possession of 30 grams or less of marijuana for personal use under INA § 237(a)(2)(B)(i) [8 U.S.C. § 1227(a)(2)(B)(i)].[2] The BIA noted that Griffith had not shown that his convictions were on direct appeal so as to negate their finality. The BIA also agreed with the IJ that Griffith's aggravated felony conviction made him ineligible for cancellation of removal.

Griffith, still proceeding pro se, filed a petition for review. The Government filed a motion to dismiss, arguing that this Court lacked jurisdiction to consider the petition for review under INA § 1252(a)(2)(C) [8 U.S.C. § 1252(a)(2)(C)] because Griffith has been convicted of an aggravated felony. The motion to dismiss

---

[2] That provision (absent the exception) makes an alien removable for having committed a controlled substance violation.

3

was referred to this merits panel, and the parties filed their briefs.

## II.

"Although 8 U.S.C. § 1252(a)(2)(C) limits our jurisdiction over final decisions ordering removal based on the commission of an aggravated felony or a controlled substance offense, we retain jurisdiction over constitutional claims and questions of law." Leslie v. Att'y Gen., 611 F.3d 171, 174 (3d Cir. 2010) (citing 8 U.S.C. § 1252(a)(2)(D) and Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d. Cir. 2005)).   The question of whether a particular conviction constitutes an aggravated felony is a legal question that we may review.   Jeune v. Att'y Gen., 476 F.3d 199, 201 (3d Cir. 2007).[3]

As the BIA recognized, a state drug conviction, such as Griffith's 1993 conviction, constitutes an aggravated felony if the offense of conviction is analogous to a felony under the federal Controlled Substances Act ("CSA").   See Evanson v. Att'y Gen., 550 F.3d 284, 289 (3d Cir. 2008) (describing hypothetical federal felony rule).   Under N.Y. Penal Law § 220.39, "[a] person is guilty of criminal sale of a controlled substance

---

[3] We thus deny the Government's motion to dismiss.   In its brief, the Government argues for the first time that Griffith's petition for review was not timely.   Although Griffith's petition was not received by this Court until December 28, 2009, we are confident that he deposited it with prison officials at the same time as his stay motion, dated December 19, 2009.   See Houston v. Lack, 487 U.S. 266, 276 (1988).   Thus, under the prisoner mailbox rule, it was timely "filed" within 30 days as required by 8 U.S.C. § 1252(b)(1).

in the third degree when he knowingly and unlawfully sells a narcotic drug."[4]   Similarly,

the CSA makes it unlawful to manufacture, distribute, or dispense, or possess with intent

to manufacture, distribute, or dispense a controlled substance.   21 U.S.C. § 841(a)(1).

Although Griffith spent less than a year in prison for his cocaine violation, the crime

would be punishable as a federal felony (attempted distribution of cocaine) under 21

U.S.C. §§ 841(a)(1) and 846, and is therefore an aggravated felony.   See Lopez v.

Gonzales, 549 U.S. 47, 60 (2006) (state drug offense constitutes felony punishable under

the CSA for immigration purposes only if conduct is punishable as felony under federal

law).[5]   We further agree that Griffith's marijuana conviction, which, by state law

definition involved more than two ounces of marijuana, constitutes a controlled substance

violation that renders him removable.   See N.Y. Penal Law § 221.15 ("A person is guilty

of criminal possession of marihuana in the fourth degree when he knowingly and

unlawfully possesses . . . marihuana . . . of an aggregate weight of more than two

---

[4] Under New York law, cocaine is by definition a "narcotic drug."   N.Y. Penal Law § 220.00(7).

[5] We agree with the Government that Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010) has no bearing on this case, as Griffith was not found removable as an aggravated felon based on a second simple possession conviction.

5

ounces.").[6]

For the foregoing reasons, we will deny the petition for review.[7]

---

[6] Griffith argues that his marijuana conviction was not an aggravated felony, but the BIA did not say that it was an aggravated felony. Rather, it found that he was removable on the basis of the marijuana conviction pursuant to INA § 237(a)(2)(B)(i) because he was convicted of a controlled substance violation (other than for possession of 30 grams or less of marijuana for personal use). As the BIA noted, one ounce is equivalent to approximately 28.35 grams. Griffith's conviction thus involved over 56 grams of marijuana.

[7] We agree with the Government that Griffith has waived the issue of whether the BIA erred by finding that he was ineligible for cancellation of removal, as he did not raise the issue in his brief. Lie v. Ashcroft, 396 F.3d 530, 532 n.1 (3d Cir. 2005). In any event, the BIA and IJ properly found that Griffith could not simultaneously waive inadmissibility as to his 1993 conviction and cancel removal as to his 2001 conviction. See Rodriguez-Muñoz v. Gonzales, 419 F.3d 245 (3d Cir. 2005).